**JOHN R. CAMPO, ESQ. [AZ SBN 020398]**
**BRANSON, BRINKOP, GRIFFITH & CAMPO, LLP**
2415 E. Camelback Rd., Suite 700
Phoenix, AZ 85016
Telephone: (602) 343-7443
Facsimile: (602) 865-1984
E-mail: jcampo@bbgslaw.com

Attorneys for: Plaintiff. OLD REPUBLIC
GENERAL INSURANCE CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX COURTHOUSE

| | |
|---|---|
| OLD REPUBLIC GENERAL INSURANCE CORPORATION,<br><br>  Plaintiff<br><br>vs.<br><br>SCOTTSDALE INSURANCE COMPANY,<br><br>  Defendant. | Case No: |

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Old Republic General Insurance Corporation ("Old Republic") and files this its Original Complaint against Defendant Scottsdale Insurance Company ("Scottsdale"), and in support of same would show as follows:

**I.**

**PARTIES**

1.   Plaintiff Old Republic General Insurance Corp. is an Illinois corporation with its principal place of business in Illinois.

1

PLAINTIFF'S ORIGINAL COMPLAINT

2. Defendant Scottsdale Insurance Company is an Ohio corporation with principal place of business in Ohio (One Nationwide Plaza, Columbus Ohio 43215) or Arizona (8677 North Gainey Center Dr., Scottsdale Arizona 43215).

## II.

## VENUE AND JURISDICTION

6. There is complete diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000). As such, jurisdiction in this judicial district exists pursuant to 28 U.S.C. §1332.

7. Venue lies in this judicial district and division pursuant to 28 U.S.C. §1391(b)(1) because Defendant Scottsdale resides in this District as "residency" is defined in 28 U.S.C. 1391 (c)(2).

## III.

## FACTS

8. Effective October 1, 2012, Old Republic issued a General Liability insurance policy, policy no. A-6LG-450312-01("the Old Republic Policy") to the State of Louisiana, Office of Facility Planning and Control providing liability insurance coverage to certain contractors and subcontractors as enrolled insureds thereunder with respect to the construction of a Project known as the University Medical Center in New Orleans, Louisiana ("the Project").

9. Skanska-Mapp, a joint venture consisting of Skanska USA Building, Inc. and Mapp Construction, LLC ("Skanska-Mapp"), was the general contractor on the Project pursuant to a contract with the State of Louisiana, Office of Facility Planning and Control dated April 8, 2011. It is an enrolled party and a named insured under the Old Republic Policy.

PLAINTIFF'S ORIGINAL COMPLAINT

10. In turn, in 2012 Skanska-Mapp entered into subcontracts with an electrical subcontractor Frischhertz-Fisk-Cleveland, Joint Venture ("FFC") for FFC to perform certain electrical work involved in the Project. And then on February 2, 2013 FFC, in turn, entered into a sub-subcontract with Pipeworks Plumbing & Demolition, LLC ("Pipeworks") with respect to certain of that work on the Project ("the FFC-Pipeworks Subcontract"). Pipeworks is also an enrolled party and a named insured under the Old Republic Policy.

11. Among other terms, the FFC-Pipeworks Subcontract required, in Section 10, that Pipeworks maintain in force and effect a General Liability insurance policy affording at least $1 Million per "occurrence" limits and including Skanska-Mapp (defined as "Prime Party" in the FFC-Pipeworks Subcontract) as an additional insured and requiring that such additional insured coverage for Skanska-Mapp be afforded by the Pipeworks policy as "primary and not contributory".

12. Among other terms, the FFC-Pipeworks Subcontract also states in Section 11, that Pipeworks, as "Subcontractor" for the specific additional consideration stated of $100 in the contract price, agrees "to the fullest extent permitted by law to fully defend, protect, indemnify and hold harmless" the "Indemnitees" (as defined therein to include Skanska-Mapp) "against any and all Actions arising from or related to the performance or non-performance of the Work of the Subcontractor or resulting from any act or inaction of the Subcontractor or its agents" with the only exception being the indemnitee's "own sole negligence or intentional malicious acts".

13. Defendant Scottsdale, effective August 4, 2012 issued a General Liability insurance policy to Pipeworks as named insured under policy number CPS1612060 affording general liability insurance coverage of $1 Million per "occurrence" to Pipeworks as the named insured and to Skanska-Mapp as an "additional insured" by endorsement ("the Scottsdale Policy").

PLAINTIFF'S ORIGINAL COMPLAINT

14. On July 19, 2013, while both the Scottsdale and Old Republic policies were in effect, and during the ongoing construction of the Project, an accident occurred in which Justin Hughes, an employee of Frischhertz Electric Company, Inc. and/or FFC, was struck in the head by a steel form as the steel form was being lifted by an excavator operated by Alton J. Osterly, an employee of Pipeworks ("the Accident"). As a result of the Accident, Mr. Hughes sustained injuries.

15. As a result of the Accident, Mr. Hughes filed a lawsuit against Skanska-Mapp, Pipeworks and others in the Civil District Court for the Parish of New Orleans styled *Justin P. Hughes v. Skanska USA Building, Inc. et al*, Cause No. 2014-7052 on file in the Civil District Court for the Parish of New Orleans, Division A-15 ("the Underlying Lawsuit"). The claims asserted against Skanska-Mapp and Pipeworks in the Underlying Lawsuit allege claims qualifying as "bodily injury" caused by an "occurrence" as those terms are defined in the Scottsdale policy, thereby triggering the coverage of the Scottsdale policy absent some other limitation or exclusion.

16. Old Republic has been providing a defense to Skanska-Mapp and Pipeworks in the Underlying Lawsuit pursuant to the terms of the Old Republic Policy through attorneys hired by and paid by Old Republic.

17. Pipeworks and Skanska-Mapp, through defense counsel, previously demanded that Scottsdale also extend defense and insurance coverage to them under the Scottsdale policy for the claims against them in Underlying Lawsuit. By letter of August 9, 2018, however, Scottsdale, through counsel, denied any coverage at all under the Scottsdale Policy for Skanska-Mapp and also asserted that Scottsdale's coverage for Pipeworks was purely excess of the coverage afforded by the Old Republic Policy.

PLAINTIFF'S ORIGINAL COMPLAINT

18.   In denying all coverage and defense to Skanska-Mapp, Scottsdale has asserted that the Scottsdale Policy contains an endorsement entitled "Exclusion-Designated Operations Covered by a Consolidated (Wrap Up) Insurance Program" (form CG 2154 01 96) stating as follows:

**Description and Location of Operations(s):**

Plumbing, Demolition, Trucking

2327 Hickory Ave.

Harahan, La. 701123

This insurance does not apply to "bodily injury" or "property damage" arising out of either your ongoing operations or operations included within the "products-completed operations hazard" *at the location described in the Schedule of this endorsement*, as a consolidated (wrap up) insurance program has been provided by the prime contractor/project manager of owner of the construction project in which you are involved.

 (ital added).

19.   According to its terms, however, this exclusion endorsement only excludes coverage for injuries arising out of Pipeworks' ongoing operations being performed "at the location described in the Schedule", i.e. 2327 Hickory Ave. Harahan, La. 70123. The Accident made the basis of the Underlying Lawsuit occurred during the construction of the Project, i.e. the University Medical Center in New Orleans, Louisiana.

20.   Consistent with section 10 of the FFC-Pipeworks Subcontract requiring Pipeworks to afford at least $ 1 Million of primary and noncontributory coverage to Skanska-Mapp as an additional insured (see above), the Scottsdale Policy also contains an endorsement entitled

"Additional Insured-Owners, Lessees or Contractors- Automatic Status When Required in Construction Agreement With You" (form CG 20 33 07) stating, in relevant part, that:

> **Section II-Who Is An Insured** is amended to include as an additional insured any person or organization for whom you [Pipeworks] are performing operations when you [Pipeworks] and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
> 1. Your [Pipeworks'] acts or omissions; or
> 2. The acts or omissions of those acting on your [Pipeworks'] behalf;
>
> in the performance of your [Pipeworks'] ongoing operations for the additional insured.

as well as another endorsement entitled "Additional Insured-Owners, Lessees or Contractors Special Condition" (form No. GLS-295s) stating that the additional insured coverage afforded by the Additional Insured endorsement CG 20 33, i.e. the Additional Insured endorsement quoted above, is afforded to the additional insured on a "primary, noncontributory or primary and noncontributory basis" if required by the contract.

21.   Since the FFC-Pipeworks Subcontract required Pipeworks to name Skanska-Mapp as an additional insured on its General Liability policy, i.e. the Scottsdale Policy, and required that such additional insured coverage be afforded on a primary and noncontributory basis, Skanska-Mapp is an additional insured on the Scottsdale policy with regard to the Accident involved in the Underlying Lawsuit as the Accident occurred during Pipeworks' ongoing operations as a subcontractor performing work for Skanska-Mapp on the Project.

PLAINTIFF'S ORIGINAL COMPLAINT

22.     The Old Republic Policy, in its form CG 00 01 12 07 Section IV. "Commercial General Liability Conditions", subsection 4. "Other Insurance", states:

> (1) This insurance is excess over: . . . (b) any other primary insurance available to you [Skanska Mapp] covering liability for damages arising out of the premises or operations, or the products-completed operations, for which you [Skanska-Mapp] have been added as an additional insured by attachment of an endorsement

and, further states:

> (2) When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

23.     Accordingly, Old Republic Policy's coverage for Skanska-Mapp is excess to the $1Million in coverage afforded to Skanska-Mapp as an additional insured under the Scottsdale Policy and Old Republic has all rights of Skanska-Mapp to enforce those rights based on Scottsdale's denial of coverage and defense.

24.     With regard to coverage for Pipeworks related to the Underlying Lawsuit, Scottsdale has asserted that even if its policy applies and affords coverage to Pipeworks, any such coverage is purely excess of the coverage afforded to Pipeworks by the Old Republic Policy because the Scottsdale Policy's general "Other Insurance" provision, as amended by endorsement UTS-246s provides:

> 4. Other Insurance
>
> a. **Primary Insurance**

7

PLAINTIFF'S ORIGINAL COMPLAINT

>This insurance is primary except when b. below applies.
>
>b. **Excess Insurance**
>
>This insurance is excess over any other insurance, whether primary, excess, contingent or on any other basis:
>
>. . . . . . .
>
>(4) That is valid and collectible insurance available to you [Pipeworks] under any other policy.

25. As demonstrated above, there is a genuine dispute, case and controversy between Old Republic and Scottsdale as to the coverage afforded by the Scottsdale Policy and relative priority of coverage as between the Scottsdale Policy and the Old Republic Policy with regard to the coverage under the policies for both Pipeworks and Skanska-Mapp related to the claims against them in the Underlying Lawsuit.

## IV.

## CAUSES OF ACTION

### A. DECLARATORY JUDGMENT

26. The preceding paragraphs 8-25 are incorporated herein by reference.

27. Old Republic requests that this court construe the provisions of the Scottsdale Policy and the Old Republic Policy together with the applicable provisions of the FFC-Pipeworks Subcontract and pleadings on file the in Underlying Lawsuit and issue a declaratory judgment that:

a. The Scottsdale Policy obligates Scottsdale to defend Pipeworks as its named insured and Skanska-Mapp as an additional insured on the Scottsdale Policy in the Underlying Lawsuit;

b. Scottsdale's duty to defend Skanska-Mapp in the Underlying Lawsuit is primary to that of Old Republic under the applicable policy terms set forth above;

c. Scottsdale is obligated to reimburse Old Republic under conventional, legal, equitable or contractual subrogation principles, or alternatively contribution principles, for all of the reasonable and necessary defense costs and expenses incurred by Old Republic in defending Skanska-Mapp in the Underlying Lawsuit once Skanska-Mapp tendered its defense to Scottsdale as set forth above;

d. Scottsdale's coverage for Skanska-Mapp as an Additional Insured relating the Underlying Lawsuit is primary to that of Old Republic and Old Republic's coverage for Skanska-Mapp is excess to Scottsdale's $1Million policy limit;

e. The Scottsdale Policy affords both defense and indemnity coverage to Pipeworks for the claims asserted against Pipeworks in the Underlying Lawsuit;

f. Scottsdale's duty to defend Pipeworks in the Underlying Lawsuit is shared pro rata equally with Old Republic;

g. Scottsdale is obligated to reimburse Old Republic under conventional, legal, equitable or contractual subrogation principles, or alternatively contribution principles, for its pro rata share of the reasonable and necessary defense costs and expenses incurred by Old Republic in defending Pipeworks in the Underlying Lawsuit once Pipeworks tendered its defense to Scottsdale as set forth above; and,

h. The court otherwise declare and determine the applicable priority of coverage and duty to defend as between Scottsdale and Old Republic with respect to both Pipeworks and Skanska-Mapp related to the Underlying Lawsuit.

PLAINTIFF'S ORIGINAL COMPLAINT

### B. SUBROGATION

28. The preceding paragraphs 8-25 are incorporated herein by reference.

29. Old Republic asserts that Scottsdale's denial of defense to Skanska-Mapp breached its insurance contract and that accordingly, by way of conventional, legal, equitable or contractual subrogation to the rights of Skanska-Mapp, Old Republic is entitled to recover all of the reasonable attorney fees and related costs that it has, since the tender of defense to Scottsdale was made, or continues to incur in defending Skanska-Mapp in the Underlying Lawsuit from Scottsdale.

30. Old Republic has provided for the defense of Skanska-Mapp when it had no primary duty to do so, and as a result stands in the shoes of Skanska-Mapp to seek complete reimbursement from Scottsdale for all amounts incurred in the defense, as if those amounts had been incurred by Skanska-Mapp directly.

31. Old Republic is entitled to recover from Scottsdale all of the reasonable attorney fees and related costs that it has incurred, or that it continues to incur in defending Pipeworks in the Underlying Lawsuit.

32. Alternatively, Old Republic is entitled to recover that portion of the attorney fees and related costs that have been incurred and that will be incurred in the defense of Skanska-Mapp, as determined by this court.

### C. CONTRIBUTION

33. The preceding paragraphs 8-25 are incorporated herein by reference.

34. Old Republic asserts that Scottsdale's denial of defense to Pipeworks and Skanska-Mapp breached its insurance contract and that accordingly, by way of conventional, legal, equitable or contractual subrogation to the rights of Pipeworks and Skanska-Mapp, Old Republic is entitled to

recover from Scottsdale all of the reasonable attorney fees and related costs that it has incurred and those that it will continue to incur in defending Pipeworks and Skanska-Mapp in the Underlying Lawsuit.

35. To the extent that the court determines that Scottsdale owed a pro rata equally shared duty to defend Pipeworks and/or Skanska-Mapp in the Underlying Lawsuit on a co-primary basis with Old Republic, then Scottsdale's denial of defense to Pipeworks and Skanska-Mapp breached its insurance contract, and accordingly, Old Republic is entitled to recover from Scottsdale such pro rata share of the reasonable attorney fees and related costs that it has incurred and those that it will continue to incur in defending Pipeworks in the Underlying Lawsuit.

**PRAYER**

WHEREFORE, Plaintiff requests this Court grant it declaratory relief and monetary relief as set forth above and all applicable prejudgment and post-judgment interest, court costs attorney fees and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BRANSON, BRINKOP, GRIFFITH & CAMPO, LLP

By:  _____*John R. Campo*_____
  John R. Campo, Esq. [SBN 020398]
  Attorneys for Plaintiff, OLD REPUBLIC
  GENERAL INSURANCE CORPORATION

  Of Counsel
  *(Pro Hac Vice Admission Being Sought)*
  David J. Schubert
  State Bar No. 17820800
  E-Mail:  dschubert@schubertevans.com
  Schubert & Evans, P.C.
  900 Jackson, Suite 630
  Dallas, Texas  75202
  Telephone:  214.744.4400/
  Facsimile:  214.744.4403
  ATTORNEYS FOR PLAINTIFF#